# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHONTAE BARBER and : 
TAMMY M. BARBER, : 
 : 
    Plaintiffs, : 
 : CIVIL ACTION NO.
v. : 1:11-CV-01818-RWS
 : 
SUNTRUST MORTGAGE, INC.; : 
SUNTRUST MORTGAGE LOSS : 
MITIGATION; and : 
FEDERAL NATIONAL : 
MORTGAGE ASSOCIATION, : 
 : 
    Defendants. : 

## **ORDER**

This case comes before the Court on Defendant SunTrust Mortgage, Inc.'s ("SunTrust") and Defendant Federal National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") Motion for Summary Judgment [16].[1] After a review of the record, the Court enters the following Order.

## I. Preliminary Matters

As an initial matter, Defendants' Statement of Material Facts as to Which

---

[1] Defendants state in their Motion for Summary Judgment that "'SunTrust Mortgage Loss Mitigation,' one of the named defendants in [this action], is not a legal entity." (Dkt. [16] at 1.)

There Is No Genuine Issue to Be Tried ("Def.s' Statement of Material Facts") [16-4] is deemed admitted because Plaintiffs Shontae Barber and Tammy M. Barber (collectively, "Plaintiffs") have failed to file a response. See LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).").

## II. Background

This case arises out of the non-judicial foreclosure sale of Plaintiffs' home located at 1597 Coronet Drive in Riverdale, Georgia ("Property"). (Def.s' Statement of Material Facts, Dkt. [16-4] ¶ 2.) As Defendants have asserted and Plaintiffs have admitted, the facts are as follows.

In 2008, Plaintiffs executed a security deed ("Security Deed") in connection with the purchase of their home. (Id. ¶¶ 2, 4.) The Security Deed granted to SunTrust the right to conduct a non-judicial foreclosure sale in the event Plaintiffs defaulted on their loan repayment under a promissory note

2

("Note"). (Id. ¶ 5.) On or about May 1, 2009, Plaintiffs defaulted on their payment obligations. (Id. ¶ 6.) In August 2009, Plaintiffs were approved for a trial Making Home Affordable Program ("MHAP") loan modification. (Id. ¶¶ 9-10.) In September 2009, Plaintiffs made their first and only payment under the trial MHAP loan modification agreement. (Id. ¶ 5.) By November 30, 2009, Plaintiffs defaulted on the trial MHAP agreement. (Id. ¶ 11.)

In September 2010, Plaintiffs requested another loan modification. (Id. ¶ 14.) SunTrust notified Plaintiffs through correspondence dated October 1, 2010 that they were approved for a short-term Alternative Modification Program ("AMP") loan modification. (Id.) The AMP loan modification agreement required Plaintiffs to execute and return the agreement to SunTrust. (Id. ¶ 15.) The agreement was never executed or returned. (Id.) Furthermore, Plaintiffs never made a payment under the AMP loan modification agreement. (Id.) On January 26, 2011, Shontae Barber told SunTrust she was rejecting the AMP agreement and requested another review of her loan for any modification options. (Id. ¶ 19.) At that time, SunTrust determined Plaintiffs did not meet the requirements for any loan modification options due to their failure to provide requested documentation. (Id. ¶ 20.) From May 2009 to December 2010, SunTrust notified Plaintiffs that loss mitigation programs were not

3

guaranteed and that collection activities would proceed, including a foreclosure sale of the property scheduled for March 1, 2011. (Id. ¶ 21.)

Plaintiffs breached the Security Deed by failing to make regular monthly payments required under the Note. (Id. ¶ 23.) Plaintiffs were sent all notices of the non-judicial foreclosure sale required under Georgia and federal law. (Id. ¶ 24.; see also Dkt. [16-8] (letter dated January 20, 2011 with "Notice of Foreclosure Sale" in bold in subject line).) On March 1, 2011, a non-judicial foreclosure sale of the Property was conducted on the steps of the Clayton County Courthouse during the regular hours of sale and in accordance with Georgia law. (Id. ¶ 25.) SunTrust was the highest bidder at the foreclosure sale and bought the Property. (Id. ¶ 26.) SunTrust conveyed the Property to Fannie Mae. (Id. ¶ 27.) On March 17, 2011, Fannie Mae, through its agent, initiated eviction proceedings against Plaintiffs by filing a dispossessory action in the Magistrate Court of Clayton County. (Id. ¶ 28.) On April 18, 2011, Plaintiffs entered into a consent judgment with Fannie Mae. (Id. ¶ 29.)

On April 30, 2011, Plaintiffs filed suit alleging that the foreclosure sale of the Property was "wrongful and illegal from its inception" because Plaintiffs were current on their loan modification payments and Defendants failed to comply with the notice requirement of O.C.G.A. § 44-14-162.2. (Verified

4

Compl. Under Oath for Declaratory J. Action ("Compl."), Dkt. [1-1] ¶¶ 1, 8, 9.) For relief, Plaintiffs seek to have the foreclosure sale set aside. (Id. ¶ 16.) On May 13, 2011, Plaintiffs filed a Verified Application and Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction [2]. On June 28, 2011, this Court granted a Consent Order [9], whereby Fannie Mae was enjoined from dispossessing Plaintiffs from the Property until August 2, 2011. On March 1, 2012, Defendants filed a Motion for Summary Judgment [16], which the Court considers below.

**III. Discussion**

    A.    <u>Legal Standard for Motion for Summary Judgment</u>

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (alteration in original) (internal quotation marks omitted)

5

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary

6

judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted); see also Matsushita, 475 U.S. at 586 (finding that once the moving party has met its burden under Rule 56(a), the non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Finally, even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits based on evidentiary materials in the record. The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. United States v. 5800 S.W. 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004). A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered. Id. at 1102. With these standards as a foundation, the Court turns to the merits of Defendants' unopposed Motion for Summary Judgment [16].

B. Analysis

Defendants argue that there is no genuine dispute of material fact that could show the foreclosure sale of the Property was wrongful, improper, or illegal, or that the sale in any way constituted a breach of contract by SunTrust. Plaintiffs admit (through their failure to respond) that: they executed the

7

Security Deed; the Security Deed granted to SunTrust the right to foreclose in the event of default; they were in default; SunTrust had no duty either to postpone the foreclosure or to modify the loan; they never executed and returned the AMP loan modification agreement; and SunTrust, through foreclosure counsel, sent the notice of foreclosure more than thirty days prior to the foreclosure sale and complied with Georgia and federal law. (Def.s' Statement of Material Facts, Dkt. [16-4] ¶¶ 4, 15, 17, 21-22, 24, 31, 33, 35.) The Court addresses Plaintiffs' claims in light of these admissions.

Plaintiffs allege in their complaint that SunTrust violated O.C.G.A. § 44-14-162.2 by failing to send proper notice of the non-judicial foreclosure sale. (Compl., Dkt. [1-1] ¶ 9.) The statute provides: "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." O.C.G.A. § 44-14-162.2(a). There is no genuine issue of material fact, however, because Plaintiffs have admitted that "SunTrust Mortgage, through foreclosure counsel, sent all notices of non-judicial foreclosure to Plaintiffs as required under Georgia and Federal law." (Def.s' Statement of Material Facts, Dkt. [16-4] ¶ 24; see also Dkt. [16-8] (notice of foreclosure sale).) Therefore, this claim is without merit.

8

Plaintiffs further allege that SunTrust breached the AMP loan modification agreement by foreclosing on the Property. The admitted facts show that there is no genuine issue of material fact regarding the AMP loan modification agreement. Plaintiffs failed to execute and return the agreement, and therefore a contract was never formed (Def.s' Statement of Material Facts, Dkt. [16-4] ¶ 15.) Further, SunTrust never received any payments from Plaintiffs under the AMP loan modification agreement. (Id.) As a result, Plaintiffs' breach of contract claim fails.

Defendants have met their burden of showing, based on materials in the record, the absence of a genuine issue of material fact. The burden has shifted to Plaintiffs to present affirmative evidence that a triable issue of material fact does exist. Anderson, 477 U.S. at 257. Plaintiffs have presented no such evidence. Therefore, the Court finds no genuine dispute of material fact and finds that Defendants are entitled to judgment as a matter of law.

Defendants' Motion for Summary Judgment [16] is **GRANTED**.

## IV. Conclusion

Defendants' Motion for Summary Judgment [16] is **GRANTED**. The Clerk is **DIRECTED** to close the case.

9

**SO ORDERED**, this   5th   day of November, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)